UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DIANNE FERRY,                )
                             )
        Plaintiff            )
                             )
v.                           )    Civil No. 10-211-P-S
                             )
THE PRUDENTIAL INSURANCE     )
COMPANY OF AMERICA,          )
                             )
        Defendant            )

*MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO CONDUCT DISCOVERY*

The plaintiff in this action brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, seeks permission to conduct certain discovery. Plaintiff's Motion to Conduct Discovery ("Motion") (Docket No. 8). Specifically, the plaintiff contends that she is entitled to discovery relative to her allegation that the purportedly independent physicians to whom the defendant referred her for medical examination were in fact tainted by bias in favor of the defendant. *Id*. at 2-3. She asserts that the facts in this case are "indistinguishable" from those in *Achorn v. Prudential Ins. Co.*, Civ. No. 1:08-cv-125-JAW, 2008 WL 4427159 (D. Me. Sept. 25, 2008). *Id*. at 3.

Discovery is the exception, rather than the rule, in an appeal of a plan administrator's denial of ERISA benefits. *See, e.g., Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003) ("The ordinary rule is that review for arbitrariness is on the record made before the entity being reviewed."). Pursuant to *Liston*, a plaintiff alleging arbitrary denial of an application for ERISA benefits must offer "at least some very good reason . . . to overcome the

1

strong presumption that the record on review is limited to the record before the administrator." *Id*. at 23.  In the instant case, the plaintiff's motion does not even attempt to establish the necessary underpinnings for the exception recognized in *Achorn*.

When an ERISA defendant is both the claims administrator and the party that would pay any claims approved by the administrator, what is known as a structural conflict of interest is created.  *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, __, 128 S.Ct. 2343, 2346 (2008); *Denmark v. Liberty Life Assurance Co. of Boston*, 566 F.3d 1, 5 (1st Cir. 2009); *Grady v. Hartford Life & Accident Ins. Co.*, Civil No. 08-339-P-H, 2009 WL 700875, at *2.  The existence of such a conflict was the basis of the decision to allow specific limited discovery in *Achorn*.  2008 WL 4427159 at *5-*6.

Here, the absence of any allegation by the plaintiff that a structural conflict exists makes it unnecessary to consider the parties' corollary dispute on the question of whether the plaintiff has provided sufficient specific allegations "to buttress her claim of bias," Plaintiff's Reply Memorandum re: Motion to Conduct Discovery (Docket No. 10) at 1; Defendant's Opposition to Plaintiff's Motion to Conduct Discovery (Docket No. 9) at 1-4.

On the showing made, the plaintiff's motion to conduct discovery is **DENIED**.

Dated this 28th day of October, 2010.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge